UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In re:  Adele Spencer                                              Case No. 11-62830

                                                                   Chapter 7
         Debtor(s)

**TRUSTEE'S MOTION FOR AUTHORITY TO APPROVE A
SETTLEMENT AND TO ABANDON PROPERTY OF THE ESTATE**

William F. Schneider, Trustee, moves the Court for entry of an order approving a settlement with the Debtor, Adele Spencer, and abandoning property of the estate, as follows:

1. Debtor filed a Chapter 7 bankruptcy petition on November 16, 2011.

2. The Trustee was appointed at the initial meeting of creditors held in the Chapter 7 case and continues to serve in that capacity.

3. The estate has a one-third interest in an undeveloped parcel of real property co-owned by the debtor, Adele Spencer, Julie G. Russell and Mary Ann Fox as joint tenants with the right of survivorship known as:

> 65 acres, more or less, in the Lakes Magisterial District, Bedford, VA; Parcel ID #204-A-2

4. The estate also has a one-third interest in an undeveloped parcel of real property co-owned by the debtor, Adele Spencer, Julie G. Russell and Mary Ann Fox as joint tenants with the right of survivorship known as:

> 30.060 acres in Evington, VA, Campbell County, Parcel ID #54-3-A3

5. In her schedules, the debtor used $162,500.00 as the value for the real property listed in Paragraph 3, which is the same value Bedford County has used to assess real property taxes on the parcel since 2007. On information and belief, the Trustee believes the property

would sell in today's market for approximately $80,000.00 because is it cutover, is a long distance from a state road, and has no deeded right of way.

6.    In her schedules, the debtor used $42,100.00 as the value for the real property listed in Paragraph 4, which is the same value Campbell County presently uses to asses real property taxes on the parcel. On information and belief, the Trustee believes the property would sell in today's market for approximately $30,000.00.

7.    On her timely filed homestead deed, the debtor exempted equity in her 1/3 interest in the real property listed in paragraph 3 in the following amount: $1.00. On her timely filed homestead deed, the debtor exempted equity in her 1/3 interest in the real property listed in paragraph 4 in the following amount: $7,579.00.

8.    If either or both of the parcels of real property were listed with a real estate agent and sold, the Trustee would pay a selling commission of up to ten percent for each property and incur additional expenses for advertising readying the real properties for sale. In addition, in order to obtain Bankruptcy Court approval to sell the jointly owned properties, the Trustee would have to file an adversary proceeding against the co-owners to obtain Bankruptcy Court approval to do so and would incur legal expenses to do so.

9.    The deadline for all creditors to file claims in this case was October 7, 2008. As of May 14, 2012, a total of $36,436.59 in unsecured claims and a $4,936.33 priority tax claim have been filed. On information and belief the priority claim has been paid by the Debtor.

10.    Subject to the Court's approval, the Trustee and the Debtor have entered into a settlement by which the Debtor has agreed to pay the Trustee a total of $25,000.00 in exchange for the abandonment of the real properties from the estate to the Debtor (the "Settlement").

11.    The Trustee believes that the Settlement is fair and reasonable and in the best interest of the estate and its creditors. It is uncertain how long it would take to sell the real property or what the net amount that could be obtained by selling it would be. The costs owing to the Trustee would also be more if the real property was sold than if this Settlement is approved.

12.    Notice of this motion and the hearing thereon has been given as shown on the Notice of Hearing to the Debtor, her counsel, all creditors and parties in interest, and on the U.S. Trustee.

WHEREFORE, the Trustee moves the Court to enter an order (1) finding (a) that the Settlement is in the best interest of the estate and its creditors, and (b) that adequate notice of the Settlement and the hearing on the motion has been given; (2) granting approval of the Settlement and authority to the Trustee to accept the Settlement; (3) authorizing the abandonment of the real properties upon payment in full of the $25,000.00; and (4) granting such other relief as may be just.

Date:   April 4, 2013                                  **/s/ William F. Schneider**
                                                        William F. Schneider, Trustee
                                                        P.O. Box 739
                                                        Lynchburg, VA  24505
                                                        434.528.0411
                                                        434.845.3666 (fax)
                                                        wfs@abellaw.com